JOSEFINA MALDONADO, Plaintiff and Appellee, *v.* SEGUNDO QUETELL, Defendant and Appellant.

No. 9634.   Argued February 3, 1948.—Decided March 18, 1948.

*Ramón R. Cabrera* for appellant. *J. I. Fernández Segarra* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The first error assigned by appellant in this appeal is to the effect that the lower court erred "in neither considering nor deciding for defendant the special and separate defense

that the complaint does not adduce facts sufficient to constitute a cause of action in either of its two causes of action."

■■ This is a complaint on the acknowledgment of children and their support filed by Josefina Maldonado. The latter prayed that the two children had with defendant while living in concubinage with him be declared his acknowledged natural children and also for a weekly pension of fourteen dollars for food, clothing and medical assistance. Defendant alleged as a special defense that the complaint does not adduce facts sufficient to constitute a cause of action. The lower court did not pass upon this special defense.

Although it is true that according to the caption of the complaint Josefina Maldonado appears alone as the mother of the children, it is no less true that according to the pleadings in both causes of action she does not claim anything for herself. In the first cause of action she prays that her children be declared acknowledged natural children of the defendant and in the second their maintenance and support. Construing liberally the averments of the complaint it is clear that the real party in interest are the children and that the mother has only appeared to represent them, although it is not expressly stated therein. Cf. *Góñez* v. *Palmieri,* 50 P.R.R. 439 and *Guadalupe* v. *District Court,* 65 P.R.R. 275, wherein we held that the allegations in the body of the complaint are the substantial facts that must be considered in order to determine who is the real party in interest appearing in an action. This is the spirit which inspires the interpretation of the new Rules of Civil Procedure, Rule 1 of which provides that "They shall be construed to secure the just, speedy, and inexpensive determination of every action." See *Rodríguez* v. *District Court, ante,* page 387. Consequently *Olivo* v. *Arriví,* 38 P.R.R. 643, shall be considered expressly reversed.

■ Of course, to ensure the highest degree of purity in the proceedings, compliance should be had with Rule 17(a) with reference to subdivision (f) by bringing the action in

the name of the real party in interest, and when an infant, he must appear by his father or mother with *patria potestas*, if living, and in default thereof, by his general guardian or by a guardian *ad litem*. However, if strict compliance is not had with this rule and the allegations of the complaint show, as in the instant case, that the mother does not allege or pray for anything in her favor but solely asserts the rights pertaining to her minor children, we do not feel inclined to reverse a judgment rendered in favor of the children and compel them to bring a new suit. The first error was not committed.

■■ Appellant also assigns four additional errors which in one way or another assail the weighing of the evidence made by the trial court and charge the latter of having acted with passion, prejudice or partiality in granting the complaint in its two causes of action.

The lower court stated in its opinion that "as a result of the evidence introduced by both parties . . . and taking into account the credibility that each one of the witnesses has deserved," it found proved certain facts and as a consequence reached the following conclusions:

"The minors José Enrique and Daisy, surnamed Maldonado, are the children of Segundo Quetell, defendant herein, born of his relations with plaintiff, Josefina Maldonado, both being single and without there existing between them, at the time of the conception and birth of the children, any impediment to contract marriage with or without dispensation.

"Josefina Maldonado, the plaintiff, was known living in concubinage with the defendant Segundo Quetell from June, 1935 until last February, 1938, including the period of conception, pregnancy and birth of each one of said minors."

After citing § 125 of the Civil Code, it stated the following:

"Plaintiff's evidence supports, in our opinion, the foregoing conclusions of fact and of law. The testimony of plaintiff herself and of her witnesses, Eloísa Borrero and Margarita Santos, because of their easy, natural and impartial manner of testifying have been

fully believed by the court. Defendant himself admitted that from June, 1935 to September, 1937 he had sexual intercourse with the plaintiff, precisely covering the period of pregnancy of their first child and the conception of the second.

"There was also evidence, believed by the court, that the defendant supported the minors, gave them clothing, food and medicine and treated them in public as his children, calling them as such, petting them and taking them out for walks. The court also concludes that said children, during the time that defendant lived with the plaintiff enjoyed the status of children of said defendant."

And since it was proved that defendant, as owner or agent of a bakery, earned approximately fifty dollars a week, the court ordered him to pay to his two children the amount of five dollars weekly inasmuch as defendant lives with another woman of whom he has four children.

We have read the transcript of the evidence introduced in this case and we are of the opinion that plaintiff's evidence, believed by the lower court, is sufficient to support the judgment. Defendant's only evidence was his own testimony which partly corroborated the fact of his sexual relations with the plaintiff during the years 1935, 1936 and 1937 which was precisely the time which plaintiff's evidence showed that they had lived in concubinage. The charge made by appellant alleging that the court had acted with passion, prejudice and partiality was not proved on the ground that the judge examined the witnesses during the trial. We have repeatedly held that we shall not reverse a judgment on alleged errors in the weighing of the evidence unless we are convinced that the lower court committed manifest error in said weighing and as to the allegation that it acted with passion, prejudice or partiality it is not sufficient to allege it, but it must be proved or shown from the record that it so acted. *Velázquez v. Heirs of Blanco,* 50 P.R.R. 282; *Colón v. Government of the Capital,* 62 P.R.R. 24; *Muñoz v. Heirs of López,* 65 P.R.R. 697.

Judgment is affirmed.